Ex Parte Asociación de Damas del Santo Asilo de Ponce, Etc., Petitioner and Appellee; Jaime Seix Irahola et al., Objectors and Appellants.

No. 8784. Argued July 6, 1943.—Decided July 19, 1943.

*Francisco Capó Pagán* for appellant Jaime Seix Irahola. *J. Octavio Seix Rosaly, pro se. F. Parra Capó* and *V. Zayas Pizarro* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Asociación de Damas del Santo Asilo de Ponce, petitioner herein, for itself and in behalf of Asilo de Huérfanos de

Ponce, moved the District Court of Ponce to decree the judicial administration of the estate of Joaquín Ferrán y Lluis. A hearing was held on October 16, 1942, at which the interested parties appeared and also J. Octavio Seix, in his own behalf, and Jaime Seix Irahola, represented by his counsel, Attorney Francisco Capó Pagán, who filed a motion entitled "Nullity of proceedings and continuance of hearing." Petitioner prayed the court to strike the motion of Messrs. Seix because the same was immaterial and irrelevant to the proceeding and, after oral and documentary evidence had been introduced, the petition was finally submitted and the lower court, on March 30, 1942, rendered an order decreeing the judicial administration sought and appointed Mr. Pedro Juan Rosaly as judicial administrator, and in that same judgment it decided the motion of Messrs. Seix as follows:

"Before considering the question raised, that is, the petition as to the appointment of a permanent judicial administrator, we wish to state that we are entirely disregarding the questions raised by Mr. J. Octavio Seix and Mr. Jaime Seix Irahola because the court believes that all this matter is irrelevant to the proceeding before us, and that those questions may be argued at a trial or a plenary suit. We dismiss, therefore, the motion of Messrs. J. Octavio Seix and Jaime Seix Irahola."

On April 24, 1943, Messrs. Seix appealed from said order to this court, J. Octavio Seix appearing in person, and Jaime Seix Irahola by his attorney. The petitioner, on June 11, 1943, filed a motion for the dismissal of the appeal: 1, because the appeal had not been perfected and 2, because it was frivolous.

J. Octavio Seix filed a lengthy motion in this court praying "that each and all of the motions filed by the moving party before this court be stricken from the record," and he relied on the fact that neither he nor the other appellant had been properly notified of the motion for dismissal, and also because the latter does not lie.

On July 6, 1943, a hearing was held and only the petitioner appeared through its attorney.

It appears from the record that although appellant J. Octavio Seix was duly notified of petitioner's motion, no notice had been served on Attorney Francisco Capó Pagán, counsel for Jaime Seix Irahola, appellant herein, because he was confined in a clinic, or personally on Jaime Seix Irahola, but petitioner contends that coappellant J. Octavio Seix was notified as attorney in fact of said Jaime Seix Irahola, "who has valid, express, and sufficient authorization from his principal to appoint and provide for the substitution of an attorney and to appoint another one to represent said coappellant," as was stated by said J. Octavio Seix in a motion filed in the lower court for an extension of time. Coappellant J. Octavio Seix filed an affidavit denying the alleged service as attorney in fact of said Jaime Seix Irahola.

Although from the certificate issued by the acting clerk of the lower court it appears as proven that the judgment appealed from was rendered on March 30, 1943; that appellants filed their notice of appeal on April 24 and that by June 29 none of them had invoked the provisions of Act No. 111 of May 5, 1939 (Laws of 1939, p. 575), amending §299 of the Code of Civil Procedure, and neither had they sought nor had the lower court ordered, the transcript of the stenographic record as to the documentary and oral evidence introduced at the trial; appellee itself filed together with said certificate a copy of the judgment entered by the lower court on June 30, 1943, denying the extension sought by J. Octavio Seix for the filing of the transcript of the evidence on the ground that what the appellants had originally sought was an extension to file the *statement of the case*. J. Octavio Seix also appealed from this order of June 30.

Appellant J. Octavio Seix calls our attention to the fact that in his last motion for an extension he stated that "since

he was not a lawyer and was not acquainted with the proceedings now being conducted, the denial [of his appeal] would not be reasonable."

Taking into consideration the circumstances surrounding this case, we are of the opinion that the dismissal sought does not lie.

In the first place, we are not in a position to decide whether or not Jaime Seix Irahola was duly notified of appellee's motion seeking the dismissal or whether the other appellant, J. Octavio Seix, was duly notified as attorney in fact of said Jaime Seix Irahola. Moreover, it is a fact that there is another appeal pending from an order of the court denying an extension of time to file the transcript of the evidence. If we should reach the conclusion in that appeal that the lower court, pursuant to §140 of the Code of Civil. Procedure, and to the ruling of this court in *Báez* v. *Honoré,* 56 P.R.R. 30, abused its discretion in denying said extension of time on the ground that what was erroneously sought was an extension to prepare the statement of the case when it should have been sought to perpare the transcript of the evidence, the dismissal of the present appeal would not be proper.

The motion of the appellee is hereby denied.

. Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.